WILLIAMSON v. CARR et al.     (No. 2248.)

(Court of Civil Appeals of Texas.     Texarkana.
March 11, 1920.)

SCHOOLS AND SCHOOL DISTRICTS ☞128—IN-STRUCTOR AT SUMMER NORMAL HELD ENTI-TLED TO PRO RATA TUITION COLLECTED.

Where plaintiff, who held a first grade teachers' certificate and had taught for 10 years was designated as one of the faculty for a summer normal institute for colored teachers, the holding of which was authorized by the state superintendent of public schools, plaintiff was qualified to be a member of the faculty within Vernon's Sayles' Ann. Civ. St. 1914, art. 2805a, and, where no reason appeared to the contrary, he was entitled to his pro rata of the tuition collected.

Appeal from Anderson County Court; Mills O. Reeves, Judge.

Action by C. E. Williamson against C. F. Carr and others. From a judgment for defendants, plaintiff appeals. Reversed and rendered.

S. J. Williamson, of Palestine, for appellant.

Funderburk & Strickland, of Palestine, for appellees.

LEVY, J. The appellant claimed there was due him, as an instructor in a summer normal institute for colored teachers, one-eighth of the amount collected as tuition and not given or paid to him by the appellees. The case was tried before the court, and judgment entered against the appellant.

The second assigned error is based on the ground that the judgment is contrary both to the law and the evidence. The state superintendent of public education authorized a summer normal institute for colored teachers to be held at Palestine after the application therefor was approved and indorsed by the county superintendents of the several counties interested in having it. The application as approved both by the state superintendent and the several county superintendents designated the appellant as one of the members of the faculty. He was, as proven, qualified to be an instructor in the institute, holding a first grade teacher's certificate and having taught school for 10 years. The authority, we think, for the appellant to be a member of the faculty existed under article 2805a, Vernon's Sayles' Statutes. And there does not appear, we conclude, any reason why the appellant should be denied his pro rata tuition proven to have been collected.

The judgment is reversed, and here rendered for the appellant against the appellees for $43.65, with 6 per cent. interest from July 16, 1916, and costs of suit and of the appeal.